UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

DANIEL HENDERSON,

        Plaintiff,

        v.                                          Case No. 23-cv-0269-bhl

OFFICER JACKELS,
OFFICER BUBOLTZ,
UNKNOWN MEDICAL STAFF,
UNKNOWN STAFF,
WAUKESHA COUNTY JAIL, and
JOSH KAUL,

        Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff Daniel Henderson, who is currently serving a state prison sentence at Dodge Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Henderson paid the $402 civil case filing fee on March 9, 2023. This matter comes before the Court to screen the complaint. *See* 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a

cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Henderson explains that on October 28, 2022, while he was incarcerated at the Waukesha County Jail, he began to experience issues with his heart. Henderson states that he was laying on his cell floor when he twice informed Defendant Officer Jackels that he needed medical attention. According to Henderson, Jackels ignored him. Although not expressly stated, it appears that Henderson was taken to the hospital, where he remained overnight. Dkt. No. 1 at 2-3.

Henderson asserts that when he returned to the jail on October 29, 2022, he was placed in a padded holding cell for suicidal inmates. He describes the cell as being filthy, with no running water, sink, toilet, or emergency call button. Henderson states that there was a hole in the middle of the floor and urine, feces, and blood were smeared everywhere. Henderson explains that he asked officers why he was being placed in that cell. Defendant Officer Buboltz stated he wasn't sure; he was just following orders. According to Henderson, Buboltz told him that he would be there for a few hours or overnight. He also brought Henderson a book, mattress, and blanket. Later that night, Henderson called out to a John Doe officer doing rounds and asked him when he would be moved, but Henderson states that the officer ignored him. Henderson asserts that on November 1, 2022, he yelled out to Lt. Burgess who asked Henderson why he was in that cell. Henderson responded that he didn't know and explained that he'd been in there for three days and that the cell stunk and had bodily fluids everywhere. Burgess told Henderson to hold on a second, left, and then returned with two officers who allowed him to shower and change into clean clothes and then moved him to a court holding cell. Dkt. No. 1 at 6-7.

### THE COURT'S ANALYSIS

Based on information from the Department of Corrections Offender Detail website and the Wisconsin Circuit Court Access website, it appears that Henderson was a convicted prisoner on a probation hold while he was at the Waukesha County Jail. Given that Henderson had been convicted and sentenced and was in the State's custody on supervised release, his deliberate indifference and conditions of confinement claims arise under the Eighth Amendment. *See Lewis v. Downey*, 581 F.3d 467, 474 (7th Cir. 2009) (explaining that the Eighth Amendment applies to criminals serving a sentence). Under the Eighth Amendment, "prison officials must take reasonable measures to ensure an inmate's safety." *Christopher v. Buss*, 384 F.3d 879, 882 (7th

Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "To state a claim premised on prison officials' failure to protect him from harm, [a plaintiff] must allege that the defendants knew of and disregarded an 'excessive risk' to his 'health and safety.'" *Id*. (citing *Farmer*, 511 U.S. at 837).

Henderson states an Eighth Amendment claim against Jackels based on allegations that he twice ignored Henderson's request for medical attention to address issues with his heart. Henderson does not, however, state a conditions-of-confinement claim against the remaining Defendants. It is not clear why Henderson was placed in a suicide observation cell rather than in general population when he returned from the hospital, but Henderson states that he was wearing a heart monitor, so it is possible that he was placed in an area of the jail that was monitored more frequently than general population. While the cell contained no sink, toilet, or running water, Henderson asserts that Buboltz gave him a mattress, blanket, and book, and told him that he'd likely be there for only a few hours or overnight. It also appears that Henderson was provided with food and drink during the time he was in the cell. While by no means ideal, the Seventh Circuit long ago acknowledged that "[t]he Constitution does not require prison officials to provide the equivalent of hotel accommodations or even comfortable prisons. Occasional discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Lunsford v. Bennett*, 17 F.3d 1574, 1581 (7th Cir. 1994) (internal punctuation and citations omitted); *see Roop v. Squadrito*, 70 F. Supp. 2d 868, 874-75 (N.D. Ind. 1999) (collecting cases holding that making an inmate sleep on a mattress on the floor is not a constitutional deprivation). Accordingly, the mere fact that Henderson was temporarily placed in a suicide observation cell rather than in general population is not sufficient to implicate the Eighth Amendment. *See Lekas v. Briley*, 405 F.3d

4

602, 607 (7th Cir. 2005) ("a prisoner has no liberty interest in remaining in the general population") (citations omitted).

That said, the Court agrees that having to live in a cell covered in blood, urine, and feces is objectively serious enough to implicate the Eighth Amendment. But to be liable, a prison official must "actually know of and disregard" a risk to the prisoner. *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). Henderson alleges that he asked officers why he was in a suicide cell and when he would be moved to a different cell, but, according to the complaint, it was not until he spoke to Burgess (who is not a Defendant) that he informed someone that the cell was covered in others' bodily fluids. Officers will not be liable for failing to address the allegedly filthy conditions of the cell if they did not know about those conditions.

Henderson also fails to state a claim against the Waukesha County Jail. Section 1983 allows a plaintiff to sue a "person" who violates his constitutional rights under color of state law, and a jail is not a "person." The Supreme Court has held that there are some circumstances in which municipalities or local government units can be considered "persons" and sued under §1983, *see Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), but a jail is a not legal entity separate from the county government it serves. *See Miranda v. Milwaukee County Jail Facility*, No. 19-C-582, 2019 WL 2359396, at *2 (E.D. Wis. June 4, 2019) (citing *Whiting v. Marathon County Sheriff's Dep't*, 382 F.3d 700, 704 (7th Cir. 2004)). And finally, Henderson fails to state a claim against Josh Kaul, the Wisconsin Attorney General. Although Henderson includes him in the caption of his complaint, *see* Dkt. No. 1 at 6, the complaint contains no allegations of what Kaul did or did not do to violate Henderson's rights.

**IT IS THEREFORE ORDERED** that Henderson fails to state a claim against Officer Buboltz, Unknown Medical Staff, Unknown Jail Staff, the Waukesha County Jail, and Josh Kaul, so they are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon Officer Jackels pursuant to Federal Rule of Civil Procedure 4. Henderson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. §1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§0.114(a)(2)–(3). Although Congress requires the Court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the Court or by the U.S. Marshals Service. The Court is not involved in the collection of the fee.

**IT IS FURTHER ORDERED** that Officer Jackels shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

6

Case 2:23-cv-00269-BHL   Filed 03/17/23   Page 6 of 7   Document 4

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Henderson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Henderson may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on March 17, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge