# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DANIEL HENDERSON,**

    Plaintiff,

v.                                                        **Case No. 23-CV-269**

**OFFICER JACKELS,**

    Defendant.

## ORDER

Plaintiff Daniel Henderson, who is incarcerated at Kettle Moraine Correctional Institution, is representing himself in this 42 U.S.C. § 1983 action. On March 17, 2023, the court screened his complaint and allowed him to proceed on a deliberate indifference claim against Defendant Officer Jackels. (ECF No. 4.) The court dismissed the remaining defendants, against whom Henderson sought, in part, to state a claim about the conditions of his confinement, noting that Henderson did not allege that the defendants knew about the allegedly filthy cell conditions. On April 17, 2023, Henderson filed a motion to amend the complaint, along with a proposed amended complaint. (ECF No. 8.) On April 26, 2023, this action was reassigned to this court after the parties consented to magistrate judge jurisdiction. (ECF No. 11.)

On May 1, 2023, the court denied Henderson's motion to amend the complaint because the amended complaint did not contain the allegations against Jackels. (ECF No. 12.) The court gave Henderson until May 30, 2023, to file another amended

complaint. On May 30, 2023, Henderson filed a second amended complaint. (ECF No. 15.) This order screens the second amended complaint.

Under the PLRA the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983 a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law.

*D.S. v. E. Morris Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

Henderson's second amended complaint contains allegations against Jackels that are substantially similar to the allegations in his original complaint. For the reasons stated in the court's March 17, 2023, screening order, Henderson may proceed on an Eighth Amendment claim that Jackels ignored his requests for medical attention for chest pains.

Henderson also alleges that, when he returned to the Waukesha County Jail from the hospital on October 29, 2022, defendant Officer Buboltz placed him in a padded suicide holding cell. (ECF No. 15 at 4.) Henderson noticed that there was feces, urine, and blood over the walls and floors of the cell. (*Id.*) When he told Buboltz about the condition of the cell, Buboltz responded that there was nothing he could do about it. (*Id.*) Henderson remained in the dirty cell for three days.

"The Eighth Amendment can be violated by conditions of confinement in a jail or prison when (1) there is a deprivation that is, from an objective standpoint, sufficiently serious that it results 'in the denial of the minimal civilized measure of life's necessities' and (2) where prison officials are deliberately indifferent to this state of affairs." *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Having to live in a cell covered in feces, blood, and urine can amount to an objectively serious deprivation. Henderson also

3

alleges that he told Buboltz about the conditions and that Buboltz did nothing to address them. He may also proceed on an Eighth Amendment claim against Buboltz.

**IT IS THEREFORE ORDERED** that Henderson's second amended complaint (ECF No. 15) is the operative complaint.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the second amended complaint (ECF No. 15) and this order upon defendant Officer Buboltz pursuant to Federal Rule of Civil Procedure 4. Henderson is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give Henderson information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that defendant Officer Buboltz shall file a responsive pleading to the complaint.

Dated at Milwaukee, Wisconsin this 1st day of June, 2023.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge